# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ANNA MARIA COOK,**

      Plaintiff,

v.                                                      **CIVIL ACTION NO. 2:16-CV-85**
                                                             **(BAILEY)**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John Michael Aloi [Doc. 16]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on December 27, 2017, wherein he recommends that the plaintiff's Motion for Judgment on the Pleadings be granted, that the defendant's Motion for Summary Judgment be denied, that the decision of the Commissioner be vacated, and that this case be remanded for further proceedings. On January 25, 2018, the defendant filed a Motion for Extension of Time [Doc. 20], requesting that the Court allow it to file its attached objections one day out of time due to the Government furlough. The plaintiff filed a Reply on February 1, 2018 [Doc. 22]. For the reasons set forth below, this Court adopts Magistrate Judge Aloi's R&R.

## BACKGROUND

This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As part of its review, it incorporates by reference Magistrate Judge

Aloi's thorough recitation of the facts surrounding claimant Anna Marie Cook's ("Cook") disability insurance benefits ("DIB") and supplemental security income ("SSI") claims.

On December 10, 2012, Cook filed an application under Title II for a Period of Disability and DIB, and under Title XVI for SSI, alleging disability beginning May 27, 2011 [Doc. 7-3, p. 3]. The claim was initially denied on March 7, 2013 [Doc. 7-3, p. 35] and again upon reconsideration on April 30, 2013 [Doc. 7-3, p. 49; Doc. 7-4, p. 22]. The plaintiff then filed a written request for hearing by an Administrative Law Judge ("ALJ") [Doc. 7-4, p. 25], and later appeared and testified at a hearing on August 25, 2014, in front of ALJ Terrence Hugar [Doc. 7-2, p. 48].

On October 23, 2014, the ALJ entered a decision [Doc. 7-2, p. 21] finding that the plaintiff was not entitled to DIB or eligible for SSI under Titles II and XVI of the Social Security Act. In accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
> 2. The claimant has not engaged in substantial gainful activity since May 27, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical, thoracic and lumbar spine, obesity, and other arthropathies (20 CFR 404.1520(c) and 416.920(c)).
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she should never crawl or climb ladders, ropes or scaffolds. She should only occasionally climb ramps and stairs, balance, stoop, kneel and crouch. The claimant should avoid all exposure to hazards such as unprotected heights and moving mechanical parts. She should avoid concentrated exposure to vibration. The claimant should not perform any overhead reaching.
> 6. The claimant is capable of performing past relevant work as a blood

2

donor receiver and data entry clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
7. The claimant has not been under a disability, as defined in the Social Security Act, from May 27, 2011, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

[Doc. 7-2, pp. 21–42].

On August 16, 2016, the Appeals Council denied Cook's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security [Doc. 7-2, p. 2]. On October 13, 2016, Cook filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security for denying Cook's claim for DIB and SSI under Titles II and XVI of the Social Security Act [Doc. 1]. Therein, Cook argued that the Commissioner committed reversible error in the three following respects: (1) by finding Cook's mental impairment to be a non-severe impairment; (2) by failing to comply with 20 C.F.R. § 404.1527 in evaluating the medical opinions of record; and (3) by not giving controlling weight to the treating physician's opinion [Doc. 12, pp. 7–13].

In summary, Cook argued that the ALJ had, in determining that Cook did not suffer a severe impairment, improperly relied upon the opinions of two state agency psychologists and one masters level psychologist, while giving only "some weight" to Dr. Ronald Rielly ("Dr. Rielly"), who performed the only comprehensive psychological testing on Cook, no weight at all to Dr. Steven Corder's ("Dr. Corder") opinion, and by failing to give controlling weight to Cook's treating physician without a good reason. As a result of these errors, Cook argues, the ALJ not only failed to comply with the Commissioner's regulations, but failed to consider her mental limitations when making his Residual Function Capacity

3

("RFC") assessment and finding that Cook could return to past relevant work. Cook requests remand so that the opinions of her treating physician, Dr. Rielly, and Dr. Corder may be considered.

In the R&R, Magistrate Judge Aloi recommended that this Court grant Cook's motion for judgment on the pleadings, deny the Commissioner's motion for summary judgment, reverse the Commissioner's decision, and remand the case to the Commissioner for the purpose of correcting the noted errors [Doc. 16]. As an initial matter, Magistrate Judge Aloi found that the ALJ had failed to support his decision with substantial evidence, because he failed to explicitly indicate the weight assigned to opinion evidence in the record and to conduct a sufficient analysis of weight as directed by the regulations. The magistrate judge found that, as a result of these errors, the ALJ's determination that Cook's mental impairments were not severe cannot be affirmed, and that the failure to include mental limitations in the RFC was not harmless error.

On January 25, 2018, the Commissioner filed objections to Magistrate Judge Aloi's R&R [Doc. 20-1]. The Commissioner objects to the magistrate judge's review of the ALJ's decision, arguing that Magistrate Judge Aloi effectively reviewed the ALJ's decision *de novo* and improperly re-weighed evidence.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Because the Commissioner filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Ashcraft v. Berryhill*, 2017 WL 4354889, at *5 (N.D. W.Va. 2017) ("An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."); *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Sec'y of Labor v. Mut. Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). In determining whether substantial evidence supports the ALJ's findings, the reviewing court should not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig*, 76 F.3d at 589).

## **DISCUSSION**

The Commissioner raises a single objection—that Magistrate Judge Aloi improperly re-weighed the medical source opinion evidence, effectively conducting an improper *de novo* review of the ALJ's decision. Within this objection, the Commissioner raises specific instances of alleged error, many of which overlap, and which this Court will address in turn.

The Commissioner first argues that the magistrate judge "does not adequately acknowledge facts that were important to the ALJ in his findings regarding the Plaintiff's mental impairments." [Doc. 20-1, p. 3]. In the R&R, the magistrate judge considered the decision of the ALJ and the explanations offered therein to determine whether there was substantial evidence to support the decision, and determined that there was not because, in part, there was no clear bridge between the evidence discussed and the ALJ's conclusions. This Court cannot conclude that the magistrate judge erred by failing to create connections in the ALJ's decision that were not clear or to delve into the record in search of facts that could support the decision. As the magistrate judge correctly noted, it would be improper for the court to delve into the record in search of facts that *could* support the ALJ's decision when the ALJ failed to support his decision with substantial evidence and failed to explain why significant contradictory evidence was disregarded. While the ALJ may legitimately consider a claimant's history of mental treatments—or lack thereof—such considerations are the province of the ALJ, and not of this Court nor the magistrate judge on review. This objection is overruled.

Next, the Commissioner sequentially argues that the magistrate judge erred in determining that the ALJ had failed to clearly articulate his reasoning with regards to

Cook's mental impairments and the related opinions. While the Commissioner correctly states that the "relevant question before this Court is whether the state agency psychological opinions are consistent with the longitudinal record as a whole, irrespective of whether they reviewed every piece of medical evidence," the magistrate judge correctly concluded that the ALJ had failed to provide a "narrative discussion" in his explanation of why certain opinions were afforded a particular weight. *See, e.g.*, ***Monroe v. Colvin***, 826 F.3d 176, 191 (4th Cir. 2016) (finding that the ALJ had failed to provide a "specific analysis that would allow for meaningful review," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.").

The ALJ has an obligation to consider medical opinions "along with the rest of the relevant evidence" in a case. 20 C.F.R. § 404.1527(b). Generally, the ALJ will consider the following factors when determining what weight to give a non-treating physician's opinion: (1) the examining relationship; (2) the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. Id. An ALJ's determination of weight will generally not be upset "absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has ***failed to give a sufficient reason for the weight afforded*** to a particular opinion." ***Dunn v. Colvin***, 607 F. App'x 264, 267 (4th Cir. 2015) (emphasis added). It is the job of the reviewing court to assess whether substantial evidence supports the ALJ's decision. ***Russell v. Barnhart***, 58 F. App'x 25, 29–30 (4th Cir. 2003).

The Commissioner first argues that the magistrate judge was incorrect in his assessment of the ALJ's treatment of Dr. Holly Coville ("Dr. Coville"). The magistrate judge

7

concluded that the ALJ had failed to adequately explain the weight given to each expert, because the explanations were largely generalized. The Commissioner specifically argues that the magistrate judge erroneously characterized the ALJ's assignment of weight to Dr. Coville as "illogical," because the ALJ's assignment of weight conformed with the regulations. This argument, however, misses the magistrate judge's broad point—Magistrate Judge Aloi is not arguing that the ALJ must ensure that each opinion is weighed in comparison to all other opinions, but that the ALJ must provide a sufficient explanation for each weight given that allows meaningful review by this Court. Merely stating that a licensed psychologist's opinion receives great weight because of their expertise is meaningless if every opinion is given by a person with expertise in the area, but not every opinion is given weight for such expertise without an explanation why. The ALJ is free to assign great weight to the opinion of a licensed, practicing psychologist, and to assign lesser weight to an individual with higher or equivalent credentials—the regulations do not ascribe any such requirement on the ALJ—but the ALJ is not free to do so without a sufficient explanation that this Court may meaningfully review. No duty of equivalence is imposed, simply a duty of *explanation*. *See, e.g.*, *Dunn*, 607 F. App'x at 267; *Russell*, 58 F. App'x at 29–30.

While the Commissioner may be correct in stating that the ALJ devoted a full page to a discussion of Dr. Rielly's evaluation, there is no opportunity for meaningful review by this Court if the ALJ does not provide a clear bridge between that discussion and his conclusion. It is well accepted that this Court may not delve into the record to ferret out evidence to support the ALJ's conclusion. *Accord Jackson v. Colvin*, 2015 WL 5786802,

at *2 (S.D. W.Va. 2015) (Chambers, C.J.) ("It is not the role of the courts to search for reasons for a decision that were not furnished by the ALJ."). Where, as here, the ALJ engages in an extensive discussion of an opinion but does not connect that discussion to his conclusions, the Court is left with two disparate parts that cannot be connected without making improper assumptions and rationalizations from the record. As such, this Court cannot conclude that the magistrate judge erred in requiring the ALJ to provide a connection between his analysis and his conclusion. This objection is overruled.

Next, as to the two state agency doctors, this Court must emphasize that the magistrate judge's assignment of error was not based on the ALJ's reliance on state agency doctors, but on the ALJ's reliance on those doctors without a sufficient explanation as to why the opinions were credited. As such, the Commissioner's objection to this determination is overruled.

The Commissioner then argues that the magistrate judge improperly concluded that the ALJ had erred when he discounted Dr. Rielly's evaluations on the ground that Cook's symptoms had improved with medication. Rather, the Commissioner argues, the ALJ's reasoning was well-supported, and proceeds to provide examples of evidence the ALJ considered that supported his decision—for example, that Cook's records indicated that anti-depressants had previously elevated her mood, or that the ALJ referred to Cook's "treating physicians," rather than "treating physician," indicating that the ALJ had considered more than one opinion. While this may be true, it is not responsive to the issue that the magistrate judge identified—that the ALJ's determination on this matter was not supported by sufficient evidence, because the ALJ had failed to provide a "good reason" to disregard the contradictory evidence. **Radford v. Colvin**, 734 F.3d 288, 295 (4th Cir.

2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."). As such, this objection is overruled.

Further, while the Commissioner asserts that "[b]y focusing on the diagnostic testing alone, the Magistrate Judge impermissibly substituted his opinion about the conclusions to be drawn therefrom for the conclusions drawn by the ALJ," this is an inaccurate characterization of the magistrate judge's analysis. The magistrate judge did not consider the diagnostic testing and conclude that the ALJ had improperly weighed the evidence, but instead noted that the ALJ had failed to provide a sufficient explanation for discounting or disregarding this evidence. By simply identifying the evidence that supported his conclusion and discounting or entirely disregarding the evidence that did not without an explanation, the ALJ failed to provide a sufficient basis to allow for meaningful review by the courts. While the ALJ may have been able to reconcile the inconsistent evidence in the record, his decision fails to provide an explanation of such, and this Court cannot scour the record to concoct a post-hoc rationalization. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court notes that the Commissioner cites to the definition of a medical opinion, "in relevant part," while excluding what is arguably a very relevant part. The Commissioner states that "[b]oth Plaintiff and the Magistrate Judge presume that Dr. Corder's findings should be termed a 'medical opinion,' when neither Dr. Corder nor Dr. Reilly [sic] assessed any functional limitations to Plaintiff whatsoever; nor did they offer any opinion as to whether she could perform gainful employment." [Doc. 20-1, p. 11]. The full definition of

10

medical opinion is enlightening: "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), *including* your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1) (emphasis added). To the extent that this is an objection, it is overruled.

Finally, the Commissioner objects to the R&R's determination that the ALJ had failed to sufficiently support his decision to disregard Dr. Shramowiat's opinion, because "the Magistrate Judge repeats the error made with respect to the Coville opinion—he requires that the ALJ recapitulate his earlier discussion of the objective medical evidence when making a determination as to the weight accorded to an opinion." [Doc. 20-1, p. 12]. While it may be true that the ALJ fully explained and considered Dr. Shramowiat's opinion and had legitimate and sufficient reasons to discount that opinion, the ALJ has an obligation to provide and sufficiently explain those reasons. While an "ALJ need not explicitly recount the details of this analysis in the written opinion," the ALJ must "give *good reasons* in the decision for the weight ultimately allocated to medical source opinions." *Taylor v. Colvin*, 2016 WL 4581338, at *4 (N.D. W.Va. 2016) (Bailey, J.) (emphasis added). Assignment of weight on grounds such as "the objective evidence," "the objective evidence or the claimant's treatment history," and the "objective evidence and other opinions of record" are not sufficient explanations as to why an ALJ assigns weight to particular opinions. *Monroe*, 826 F.3d at 191.

Rather, the ALJ should provide a "narrative discussion" to explain why certain opinions are afforded a particular weight. *Id.* Merely stating that an opinion would receive

11

little weight because it was inconsistent with "the objective evidence and other opinions of record," is insufficient because, "[w]ithout more specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions, neither we nor the district court can undertake meaningful substantial-evidence review." *Id.* (citing *Radford*, 734 F.3d at 295). As the magistrate judge noted, the ALJ failed to provide a "good reason" for the weight ultimately allocated to the opinions—here, it is unclear what the connection is between the reasons given and the ALJ's decision not to give the opinion controlling weight, as the regulations provide. Without such explanation, meaningful review is nigh impossible, because the Court cannot track the ALJ's reasoning—this does not require the ALJ to reiterate the entirety of his discussion of the opinion, but to provide "a narrative discussion" that connects the discussion to the ultimate allocation of weight. *Id.* at 191. This objection is therefore overruled.

Similarly, the Commissioner alleges that the magistrate judge "engage[d] in a highly selective summary of the evidence . . . [that] constitutes an impermissible reweighing of the evidence." [Doc. 20-1, p. 13]. As discussed previously, this is not impermissible reweighing of the evidence, but the magistrate judge properly exercising the duty of the reviewing court—ensuring that there is sufficient evidence to support the decision. In discussing the "highly selective summary of the evidence," the magistrate judge did not reweigh the evidence, but identified substantial contradictory evidence that the ALJ disregarded without adequate explanation. The ALJ is vested with the authority to weigh the evidence and, as part of this authority, to disregard some evidence—but the ALJ must provide a reason for why the contradictory evidence is disregarded so that this Court may engage in meaningful review. *Radford*, 734 F.3d at 295 ("A necessary predicate to engaging in substantial

12

evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."). This objection is overruled.

The Commissioner also objects to the standard of the review employed by the magistrate judge, arguing that rather the magistrate judge effectively conducted a *de novo* review. As this Court has previously noted, "[t]his Court's function is to examine the ALJ's decision and determine whether substantial evidence exists in the record to support the same. Analyzing the purported weight given to the evidence is part of the inquiry." *Ashcraft v. Berryhill*, 2017 WL 4354889, at *6 (N.D. W.Va. 2017) (Bailey, J.). As such, the magistrate judge did not apply the incorrect standard of review or err in considering the weight of the evidence. This objection is overruled.

Upon review of the entire record, the magistrate judge concluded that the ALJ had failed to meet his obligation to provide a clear and non-generalized explanation for why opinions were disregarded, such that the reviewing court may "track the ALJ's reasoning and be assured that the ALJ considered the important evidence." *Lafferty v. Colvin*, 2017 WL 836917, at *3. Further, as to the opinion of Dr. Corder, this Court "cannot determine if findings are unsupported by substantial evidence unless the [ALJ] ***explicitly indicates the weight*** given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.3d 231, 235 (4th Cir. 1984) (emphasis added). In such a case, remand for the ALJ to properly explain the disability determination is appropriate. *See Meyer*, 662 F.3d at 706–07 (remanded for ALJ to properly explain disability determination).

Finally, this Court cannot conclude that the errors in this case were harmless.

13

Magistrate Judge Aloi concluded that the error was not harmless because: (1) the errors in analyzing weights would likely result in a change to the RFC, given the opinions to be considered; (2) the unconsidered or discounted opinions indicated that Cook suffered from limitations in concentration, persistence, or pace as a result of both mental and emotional conditions *and* as a result of physical pain, which was not previously considered; and, (3) the limitations in concentration, persistence, and pace reflected by these opinions would likely affect the analysis of whether Cook could return to past relevant work [Doc. 16, pp. 43–4]. As such, this Court finds that Magistrate Judge Aloi correctly recommended remand of the matter for correction of these errors—however, in adopting this R&R and remanding the matter for correction of these errors, this Court does not express an opinion upon the ultimate outcome of this matter.

## CONCLUSION

Upon careful consideration of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the defendant's Objections **[Doc. 20-1]** are **OVERRULED**. Thus, the defendant's Motion for Summary Judgment **[Doc. 13]** is **DENIED**, and the plaintiff's Motion for Judgment on the Pleadings **[Doc. 11]** is **GRANTED**. As a final matter, the defendant's Motion for a Stay of the Entire Case in Light of Lapse of Appropriations **[Doc. 19]** is **DENIED AS MOOT**.

Accordingly, this Court hereby **ORDERS** that the decision of the Commissioner be vacated and that this case be **REMANDED** for further proceedings. The Clerk is directed to enter judgment consistent with this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** February 22, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE